UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IPM, LLC,

    Plaintiff,

v.

THE ROBERT & CORI LINEBERGER
INTER VIVOS TRUST, *et al.*,

    Defendants.

Case No. C18-0710RSL

ORDER DENYING MOTION TO
UNDO JOINDER AND
REMANDING CASE

Plaintiff sued the other members of a limited liability company, F-19 Holdings, LLC, accusing them, *inter alia*, of cutting plaintiff out of corporate opportunities and converting corporate funds for their personal use. The complaint was filed in state court in January 2018. Plaintiff had difficulties serving defendants and was given leave to do so by publication. By the time service was finally accomplished, F-19 had ceased making distributions and payments to plaintiff, who began drafting an amended complaint in April 2018. Defendant removed the case to federal court on May 16, 2018, and plaintiff filed its amended complaint five days later adding F-19 as a defendant. F-19 has not answered or appeared in this matter. The remaining defendants assert that the joinder of F-19 should be undone under 28 U.S.C. § 1447(e) because it destroys diversity and this

ORDER DENYING MOTION TO
JOINDER AND REMANDING CASE - 1

Court's jurisdiction over this case. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Given the procedural posture of this case and that the proposed amendment would destroy subject matter jurisdiction (see Reid v. The Wailers, 606 F. Supp.2d 627, 630 (E.D. Va. 2009)), the correct analytical framework is provided by 28 U.S.C. § 1447(e) (see Milton v. Xerox Corp., 2016 WL 641130, at *2 (W.D. Wash. Feb. 18, 2016)). Pursuant to § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Having considered the factors that courts in the Ninth Circuit use to determine whether to grant joinder under § 1447(e) (see IBC Aviation Servs., Inc. v. Campania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp.2d 1008, 1011 (N.D. Cal. 2000)), the Court finds that the balance of the equities and efficiencies favor joinder. A denial of plaintiff's request would deprive it of the ability to obtain all of the relief it is requesting in this lawsuit, forcing it (a) to forego payments from F-19 and its efforts to send the company into receivership or (b) to pursue complete relief in two different lawsuits in two different jurisdictions. Although joinder and remand will undoubtedly delay resolution of this dispute, plaintiff's delay was not extraordinary, the case is still in discovery, defendants waited almost four months to object to the joinder, and the inefficiency of pursuing overlapping relief from the LLC and its members in multiple lawsuits far outweighs any prejudice caused by the relatively short delay that can be attributed to plaintiff.

//

For all of the foregoing reasons, defendants' motion to deny joinder (Dkt. # 18) is DENIED. The Court lacks jurisdiction over this matter, and the Clerk of Court is directed to remand it to King County Superior Court pursuant to 28 U.S.C. § 1447(e).

Dated this 12th day of October, 2018.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO UNDO
JOINDER AND REMANDING CASE - 3